J-S51025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERTO GONZALEZ | |
| Appellant | No. 3442 EDA 2014 |

Appeal from the Judgment of Sentence September 24, 2012
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002927-2011

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED NOVEMBER 16, 2015**

Roberto Gonzalez appeals from the judgment of sentence imposed by the Court of Common Pleas of Monroe County. After careful review, we affirm.

On October 4, 2011, Gonzalez shot Terrance Tyson in the face when Tyson approached Gonzalez's vehicle. During the course of a jury trial, on May 17, 2012, Gonzalez pled *nolo contendere* to one count of aggravated assault.[1] At a sentencing hearing on September 24, 2012, counsel argued that Gonzalez had acted in self-defense, and sought to have the court consider this as a factor in sentencing.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1).

At the conclusion of the hearing, the court sentenced Gonzalez to 7 to 14 years' incarceration, plus costs and restitution. The Commonwealth and Gonzalez each filed a timely motion for reconsideration. Gonzalez's motion contained the following averments:

> 3. At his sentencing, [Gonzalez] presented evidence concerning his innocence regarding the underlying charges as well as the aggressive character of the victim.
>
> 4. [Gonzalez] believes, and therefore avers, that the Court, if given the opportunity, might reconsider the extent to which such evidence augers for a lesser sentence.

Motion for Reconsideration of Sentence, 10/4/11, at 1.

The Court held argument on October 22, 2012, during which counsel for Gonzalez stated:

> Our position – Mr. Gonzalez just wanted to come back – and I'm not going to belabor the whole thing again. Mr. Gonzalez has maintained his innocence throughout. And, really, I think the reason he wanted us to return for – just as I put it in my motion, Your Honor, was just, you know, to give appropriate weight.

N.T. Motion for Reconsideration Hearing, 10/22/12, at 5. At the conclusion of the hearing, the court denied the motions filed by Gonzalez and the Commonwealth.

On December 11, 2014, following the reinstatement of his appellate rights *nunc pro tunc*, Gonzalez filed a timely notice of appeal.

In response to an order from the trial court, Gonzalez filed a concise statement of errors complained of on appeal which states, in relevant part:

> [Gonzalez] filed an appeal from the judgment of sentence *nunc pro tunc*, which right was reinstated by virtue of his filing of a

*pro se* petition seeking post-conviction relief. In that petition, [Gonzalez] raises the issue that after-discovered evidence may have changed the outcome of his trial. The nature of that evidence is that the victim in his case was the target of a drive by shooting in which another individual was killed, which tends to validate his claim at trial that his victim was a drug dealer, had violent tendencies and was involved in that dangerous culture. [Gonzalez] was acting in self-defense of the threats and actions made by the victim against him.

After a jury had been impaneled in [Gonzalez's] case, he seemingly abandoned this position and entered a plea of *nolo contendere* to Aggravated Assault. [Gonzalez's] prior record score and offense gravity score was not set forth on his written guilty plea colloquy form. However, both at time of sentencing and at the hearing on the Commonwealth's motion for reconsideration of sentence, [Gonzalez] repeated his claims of self-defense and professed innocence on that basis, admitting that he entered a *nolo contendere* plea simply to avoid the possibility of a harsher sentence.

[Gonzalez's] complained of errors are therefore twofold: (1) the sentence imposed was manifestly excessive and (2) that he did not make a knowing, voluntary and intelligent plea due to the fact that he maintained his innocence and claimed self-defense. Accordingly, the court should not have accepted his plea of *nolo contendere*, which has the same effect as a conviction and plea of guilty, as [Gonzalez] was apparently confused as to the nature and consequences of the plea as entered.

Concise Statement of [Errors] Complained of On Appeal, 1/9/15.

The trial court filed its Rule 1925(a) opinion on February 5, 2015.

On appeal, Gonzalez raises the following issues for our review:

1. Whether the court should have accepted [Gonzalez's] plea of *nolo contendere* as knowingly, voluntarily and intelligently made where the guilty plea form interchanges "*nolo contendere*" with "guilty" and where at time of sentencing, he also maintained he was acting in self-defense.

2. Whether the trial court erred and abused its discretion in sentencing [Gonzalez] to an excessive sentence without considering the mitigating factors presented at the sentencing

hearing and focusing on the nature of the crime rather than the rehabilitative needs of [Gonzalez].

Appellant's Brief, at 5.

Gonzalez first argues that the trial court erred by accepting his *nolo contendere* plea. Based on our review of the record, it is apparent that prior to the filing of his Rule 1925(b) statement, Gonzalez did not raise this issue in the trial court. Gonzalez did not file a written motion to withdraw his plea before sentencing. ***See*** Pa.R.Crim.P. 591(A). He did not file an oral motion to withdraw his plea at sentencing. ***See*** Pa.R.Crim.P. 519, Comment. Nor did he file a post-sentence motion to withdraw his plea. ***See*** Pa.R.Crim.P. 720(B)(a)(i).

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

> Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Commonwealth v. Roberts***, 352 A.2d 140, 141 (Pa. Super. 1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Lincoln***, 72 A.3d 606, 610 (Pa. Super. 2013). "A plea of nolo contendere when accepted properly by a court, is, in its effect upon a

case, equivalent to a plea of guilty." ***Commonwealth v. Warner***, 324 A.2d 362, 363 (Pa. Super. 1974).

Because Gonzalez did not properly preserve a challenge to the validity of his *nolo contendere* plea, we decline to review this issue on appeal.

Gonzalez next argues that the court erred by imposing an excessive sentence without considering the mitigating factors presented at the sentencing hearing and focusing on the nature of the crime rather than his rehabilitative needs.[2]

In his statement of errors complained of on appeal, Gonzalez asserts that his sentence was manifestly excessive. Rule 1925(b)(iv)(ii) provides, in relevant part: "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Failure to raise an issue in a 1925(b) statement will result in waiver. ***Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005). ***See also Commonwealth v. Hansley***, 24 A.3d 410, 415 (finding waiver where Rule 1925(b) statement was too vague). Because Gonzalez's Rule 1925(b) statement contained only a bald assertion that his sentence was excessive, we deem the issue waived.

Judgment of sentence affirmed.

_____

[2] Gonzalez also raises this issue in his concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. ***See*** Pa.R.A.P. 2119(f).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2015