Commonwealth *v.* Boyd, Appellant.

Submitted March 20, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*John J. Bradley* and *Gilfillan, Gilpin and Brehman,* for appellant.

*James Garrett* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 15, 1972:

Defendant was found guilty and sentenced to eighteen months to three years in prison for the crimes of assault and battery, aggravated assault and battery, and assault and battery with intent to murder. He appeals on the ground that the lower court committed reversible error in failing to conduct an on-the-record examination to determine whether his plea of nolo contendere was entered knowingly, intelligently, and voluntarily. Unfortunately for defendant, the record does not support his claim that he entered a plea of nolo contendere. The colloquy between the district at-

torney and defendant at trial established defendant's voluntary and intelligent waiver of a jury trial. During this colloquy he answered he had "no defense" to the question whether or not he pleaded guilty or not guilty. However, defendant's claim that his "no defense" statement was in effect a plea of nolo contendere is not supported by the record which discloses that he was in fact afforded a trial without jury after, as above stated, having properly waived a jury trial. At trial, he attempted to defend, explain and mitigate his crime of assault and battery and aggravated assault and battery on the ground that he had "lost a home on account of this woman. She won't stay home, she runs around, she likes to hang in bars, she's a tramp." He denied his intent to kill: "Q. Did you intend to kill her? A. No, not really. I was just in anger."

Aside from defendant's words "no defense", none of the necessary elements of the plea of nolo contendere are present in this case. A plea of nolo contendere must be accepted and approved by the trial judge: *Commonwealth v. Smith,* 151 Pa. Superior Ct. 113 (1942). The judge did not accept or approve the plea here.

A recent exposition of the plea "nolo contendere" appears in the case of *North Carolina v. Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), where Justice WHITE said in a footnote: "Throughout its history, that is, the plea of nolo contendere has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer of leniency." In *Hudson v. U. S.,* 272 U.S. 451 (1926), the court describes a plea of nolo contendere as one by which the defendant "does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court

for the purpose of the case to treat him as if he were guilty." In the instant case there was neither a waiver of trial nor of defense.

Where a plea of nolo contendere is tendered by the defendant and accepted by the court, it is not the province of the court to occupy itself with the question of guilt or innocence. Such a plea when accepted is, in its effect upon the case, equivalent to a plea of guilty, testimony being taken thereafter only as an aid to the judge in fixing sentence: *Commonwealth v. Smith,* supra; *Commonwealth v. Ferguson,* 44 Pa. Superior Ct. 626 (1910). In the instant case the judge received evidence from both the prosecution and defense and then on the basis of that evidence adjudged defendant guilty on all counts. By this judgment the judge made clear he had not accepted or approved a plea of nolo contendere but had conducted a trial on the question of defendant's innocence or guilt.

Had the lower court recognized and accepted a plea of nolo contendere by the defendant, we would hold that such a plea should be treated no differently than a plea of guilty with respect to the necessity for an on-the-record examination to determine whether the plea was knowingly, intelligently, and voluntarily made. The more meticulous a judge is in this inquiry, the more expeditious can be the disposition of post conviction attacks on such a plea with consequent discouragement of frivolous post conviction hearing petitions regarding the constitutional validity of such a plea.

Rule 11 of the Federal Rules of Criminal Procedure, by its 1966 amendment, provides that a plea of nolo contendere is entitled to the same on-the-record examination accorded a plea of guilty. Similarly, the American Bar Association in its Project on Minimum Standards for Criminal Justice (Approved Draft 1968), recommended that pleas of nolo contendere receive the

same consideration as pleas of guilty with respect to on-the-record examinations.[1]

---

[1] The recommendations read as follows:

"Part I. Receiving and Acting upon the Plea

"1.4 Defendant to be advised by court.

The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and

    (a) determining that he understands the nature of the charge;

    (b) informing him by his plea of guilty or nolo contendere he waives his right to trial by jury; and

    (c) Informing him:

        (i) of the maximum possible sentence on the charge, including that possible from consecutive sentences;

        (ii) of the mandatory minimum sentence, if any, on the charge; and

        (iii) when the offense charged is one for which a different or additional punishment is authorized by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment.

"1.5 Determining voluntariness of plea.

The court should not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court. The court should then address the defendant personally and determine whether any other promises or any force or threats were used to obtain the plea.

It is true that Rule 319 of the Pennsylvania Rules of Criminal Procedure[2] does not expressly provide for an on-the-record examination with respect to a nolo contendere plea. However, such silence cannot preclude judicial recognition of such a requirement.

But we are not in this case, for the reasons already stated, presented with a plea of nolo contendere, defendant having been adjudged guilty after trial without a jury during which he presented evidence in his behalf.

Judgment affirmed.

---

"1.6 Determining accuracy of plea.
Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea.
"1.7 Record of proceedings.
A verbatim record of the proceedings at which the defendant enters a plea of guilty or nolo contendere should be made and preserved. The record should include (i) the court's advice to the defendant (as required in section 1.4), (ii) the inquiry into the voluntariness of the plea (as required in section 1.5), and (iii) the inquiry into the accuracy of the plea (as required in section 1.6).

[2] "A defendant may plead not guilty, guilty, or with the consent of the court, nolo contendere. The judge may refuse to accept a plea of guilty and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly made. Such inquiry shall appear on the record."