J-S67032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDMUND A. SMITH, JR., | |
| Appellant | No. 1864 MDA 2014 |

Appeal from the PCRA Order September 11, 2014
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0001956-2011

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED JANUARY 06, 2016**

Appellant, Edmund A. Smith, Jr., appeals from the order dismissing, after a hearing, his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  Counsel has filed a petition to withdraw.  We affirm the order denying relief, and grant counsel's petition to withdraw.

While the record before us is incomplete,[1] there is no dispute (and the pertinent docket entries confirm) that on May 21, 2012, Appellant entered a counseled, negotiated plea of no contest, or "*nolo contendere,*" to one count of involuntary deviate sexual intercourse with a minor, thirteen years of age

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Most notably, the transcript of the *nolo contendere* plea hearing is not included in the certified record.

at the time of the crime. (*See* N.T. SVP Hearing and Sentencing, 11/19/12, at 1).

There is also no dispute that in exchange for the plea, the Commonwealth had agreed to waive five additional remaining felony charges, and agreed to a sentence of ten to twenty years' incarceration. (*See id.* at 18-19; *see also Anders* brief, at 5).[2]

It bears noting that Appellant, at the sentencing hearing, on inquiry by the court, expressly acknowledged that this was the agreed-on sentence. (*See* N.T. Hearing, 11/19/12, at 18). Furthermore, neither Appellant nor his counsel disputed the Commonwealth's statement for the record that if Appellant had been convicted after a trial, based on a prior conviction for aggravated assault of a child, his minimum sentence would have been twenty years' incarceration. (*See id.* at 18-19).

After the testimony of Sexual Offenders Assessment Board (SOAB) member Paula Brust, the court determined Appellant to be a sexually violent predator (SVP). (*See id.* at 15). Then, with the benefit of a presentence

---

[2] Counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967). An *Anders* brief is required where counsel seeks to withdraw on direct appeal. In a collateral appeal from the denial of PCRA relief, a *Turner/Finley* no-merit letter is the appropriate filing. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in *lieu* of a *Turner/Finley* "no merit" letter. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 (Pa. Super. 2011).

investigation report, which included confirmation of the previous conviction for the other sexual assault in 1998 (also with a thirteen-year-old), the trial court imposed the **agreed-on** sentence of not less than ten years' nor more than twenty years' incarceration. (**See id.** at 19; **see also** PCRA Court Opinion, 6/26/15, at 2).

On January 7, 2013, the trial court granted plea counsel, (Nandakumar Palissery, Esq.), permission to withdraw, after Appellant made written inquiry into obtaining alternative counsel.[3]

On or about July 11, 2013, Appellant filed a facially duplicative (and by then moot) "Motion to Withdraw Counsel of Record and Proceed *Pro-Se*," naming Attorney Palissery as counsel of record. Appellant filed a PCRA petition, *pro se*, on November 21, 2013, and an amended petition, also *pro se*, on August 7, 2014.

There is no dispute, indeed Appellant's testimony confirms, that he sought to represent himself, and did so, at the PCRA hearing on September 11, 2014, and filed a timely notice of appeal *pro se* from the denial of PCRA relief. However, after a **Grazier**[4] hearing, Appellant requested counsel.

_____

[3] Appellant apparently filed a *pro se* notice of appeal date-stamped as received on January 15, 2013. The notice purports to reference an order entered on December 19, 2012. The record does not contain such an order. Nor is there a corresponding docket entry. There is no indication of a disposition of the purported appeal.

[4] This Court ordered a **Grazier** hearing by *per curiam* order, on December 10, 2014. **See Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998).

(*See* PCRA Ct. Op., 6/26/15, at 1). The trial court appointed Mary V. Deady, Esq. to represent Appellant. (*See id.* at 1 n.2). Attorney Deady filed a statement of errors on February 3, 2015. (*See id.* at unnumbered page 2). She also filed an *Anders* brief, and, on August 26, 2015, a petition to withdraw as counsel.

The *Anders* brief presents two questions for our review:

> I. Whether [Appellant's] plea of guilty was unlawfully induced and therefore not knowing and voluntary?

> II. Whether [Appellant's] mandatory minimum sentence of ten to twenty years was greater than the lawful maximum based on the decision of the United States Supreme Court in *Alleyne v. United States*, 133 S. Ct. 2151 (2013)?

(*Anders* Brief, at 4) (most capitalization omitted).[5]

Before we may review the merits of Appellant's claims, we must determine if counsel has satisfied the requirements to be permitted to withdraw from further representation.

> The *Turner*/*Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-

---

[5] The Commonwealth did not submit a brief in this appeal. In its notification letter, the Assistant District Attorney agreed with the *Anders* brief "that any appeal is entirely frivolous and without merit." (Letter of Assistant District Attorney of Luzerne County to Jennifer Traxler, Esq., Superior Court Deputy Prothonotary, 9/17/15).

merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner*, *supra*, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See* [*Commonwealth v.*] *Pitts* [603 Pa. 1, 981 A.2d 875, 876 (2009)], *supra* at [ ] n.1.

In *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006) abrogated in part by *Pitts*, *supra*, this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to *Friend*, counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. Though [then] Chief Justice Castille noted in *Pitts* that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of *Friend* as those prerequisites did not apply to the petitioner in *Pitts*. *See Pitts*, *supra* at 881 (Castille, C.J., concurring).

After the decision in *Pitts*, this Court held in [ ] *Widgins*, [*supra* at] 816 [ ], that the additional procedural requirements of *Friend* were still applicable during collateral review.

*Commonwealth v. Freeland*, 106 A.3d 768, 774-75 (Pa. Super. 2014) (citation omitted).

Here, in addition to submitting her petition to withdraw, counsel provided a copy of her *Anders* brief, and attached a copy of a letter sent to Appellant informing him of his rights, pursuant to *Friend*, *supra* at 615. Counsel provided her review of the record and her conclusion that Appellant's claims are meritless. (*See* Letter of Mary V. Deady, Esq. to Appellant, 8/25/15). We conclude that counsel has substantially complied

with the requirements of **Turner**, **Finley**, and **Friend**.  Accordingly, we will grant counsel's petition to withdraw.

Next, we will proceed to our independent review of Appellant's claims. Our standard of review is well-settled.

> Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error.  We will not disturb findings that are supported by the record.

**Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citations omitted).

The first claim of the **Anders** brief is that Appellant's "plea of guilty" was unlawfully induced, and therefore not knowing and voluntary. (**See Anders** Brief, at 4).  We disagree.

Preliminarily, we note for clarity that Appellant actually entered a plea of "no contest." [6]

> In the first place a plea of *nolo contendere* does not, by its very nature, require the pleading defendant to concede his or her guilt.  As the United States Supreme Court has held, a plea of *nolo contendere* is "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of sentencing to treat him as if he were guilty."  **North Carolina v. Alford**, 400 U.S.

---

[6] Although appointed counsel, the Commonwealth, and occasionally the trial court, refer informally to a "guilty plea," the certified record consistently confirms Appellant's claim that he entered a plea of *nolo contendere* or "no contest."  (**See e.g.**, Plea Agreement, 5/21/12; N.T SVP/Sentencing, 11/19/12, at 2; Commonwealth's Response to . . . Statement of Errors . . ., 5/20/15, at 2 ¶ 3).

25, 36, 91 S. Ct. 160, 167, 27 L.Ed.2d 162, 170 (1970). The Supreme Court further noted in *Alford* that "[T]he Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence." *Id.* at 36, 91 S. Ct. at 167, 27 L.Ed.2d at 171. *Accord Commonwealth v. Boyd*, 221 Pa. Super. 371, 292 A.2d 434 (1972).

*Commonwealth v. Lewis*, 791 A.2d 1227, 1234 (Pa. Super. 2002), *appeal denied*, 806 A.2d 859 (Pa. 2002).

Where a plea of *nolo contendere* is tendered by the defendant and accepted by the court, it is not the province of the court to occupy itself with the question of guilt or innocence. Such a plea when accepted is, in its effect upon the case, equivalent to a plea of guilty, testimony being taken thereafter only as an aid to the judge in fixing sentence.

*Boyd*, *supra* 292 A.2d at 435 (citations omitted). Similarly,

In terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea. Thus, as with a guilty plea, in order for a defendant to prevail on a post sentence motion to withdraw a plea of *nolo contendere*, requires that the defendant demonstrate manifest injustice. Manifest injustice can be shown if the defendant establishes that he or she did not tender the plea voluntarily.

*Lewis*, *supra* at 1230-31 (citations and some internal punctuation omitted).

"[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Fluharty*, 429 Pa. Super. 213, 632 A.2d 312, 315 (1993). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (internal citation omitted). The entry of a negotiated plea is a "strong indicator" of the voluntariness of the plea. *Commonwealth v. Myers*, 434 Pa. Super. 221, 642 A.2d 1103, 1106 (1994). Moreover, "[t]he law

does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1192 (Pa. Super. 2010).

***Commonwealth v. Reid***, 117 A.3d 777, 783 (Pa. Super. 2015).

Here, Appellant argues that his plea was due to the ineffective assistance of counsel. (***See e.g.***, Amended [PCRA] Petition, 8/07/14, 3-13; ***Anders*** Brief, at 13; N.T. PCRA Hearing, 9/11/14, at 7).

The governing legal standard of review of ineffective assistance of counsel claims is well-settled:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (1987). Accordingly, to prove [plea] counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.
>
> ***Commonwealth v. Busanet***, 618 Pa. 1, 54 A.3d 35, 45 (2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the [***Pierce***] test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa. Super. 2009).

***Commonwealth v. Perzel***, 116 A.3d 670, 671-72 (Pa. Super. 2015).

"Counsel's assistance is **deemed constitutionally effective** once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test." ***Commonwealth v. Rolan***, 964 A.2d 398, 406 (Pa. Super. 2008) (citations omitted) (emphasis in original).

On independent review, we agree with the PCRA court that Appellant "did not present a scintilla of evidence to suggest that he was coerced into entering a no contest plea or to suggest that his trial counsel was ineffective in any fashion." (PCRA Ct. Op. at unnumbered pages 2-3). Appellant offered no credible facts to support any of the three ***Pierce*** prongs, let alone all of them.

Instead, at the PCRA hearing, Appellant attempted to argue various evidentiary claims, (victim posed in wedding gown for Facebook photo, allegedly giving her an older appearance; victim's family "set him up", *etc*.), of dubious relevance, with a view to undermining the credibility of the victim and her family.[7] (***See*** PCRA Hearing, 9/11/14, at 8, 11-12).

Among numerous obvious defects, not the least of which being the ultimate admissibility of the purported evidence, Appellant's argument overlooks the critical fact that his hearing was not a trial. He entered a plea.

_____

[7] Notably, Appellant did not present any testimony from his plea and sentencing counsel at the PCRA hearing. (***See*** N.T. PCRA Hearing, 9/11/14, ***Anders*** Brief, at 7).

By entering a plea of no contest, Appellant agreed not to contest the evidence the Commonwealth had against him.

Further, Appellant offered no evidence in support of any of the three **Pierce** prongs. Therefore, Appellant has failed to overcome the presumption of effectiveness. **See Rolan**, **supra** at 408. He also failed to meet the burden of proving manifest injustice. Appellant's first claim fails.

In the second issue, the **Anders** brief raises the claim of illegality of sentence, citing **Alleyne**, **supra**. (**See Anders** Brief, at 4). "In reviewing an illegal sentence claim, '[t]he issue ... is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo.*'. . ." **Ousley**, **supra** at 1242.

Citing **Apprendi v. New Jersey**, 530 U.S. 466 (2000), **Alleyne** decided that "[a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra** at 2155.

Here, Appellant's claim relies on a major misconception. His case was never submitted to a jury. His sentence did not depend on an additional element which was found by a trial judge after a jury conviction. To the contrary, his sentence was negotiated and agreed-on by counsel, as confirmed by Appellant himself. (**See** N.T. Hearing, 11/19/12, at 18). The constitutional right sought to be protected by **Alleyne** has no application to Appellant's case.

Moreover, this Court has held that even if *Alleyne* is interpreted as enunciating a newly recognized constitutional right, such right is not applicable retroactively to cases on PCRA review.

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

*Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (citations omitted).[8]

On independent review, we find no other issues which would merit relief. Because our review disposes of the issues Appellant and his counsel have raised, we need not address the numerous other errors and defects in Appellant's arguments which would also preclude relief, and we decline to do so.

Order affirmed. Petition to withdraw granted.

---

[8] All of these factors distinguish this appeal from the panel decision in *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015), which addressed the constitutionality of a mandatory minimum sentence (following a jury conviction) in the context of a direct appeal. Our Supreme Court has granted the Commonwealth's request for an expedited appeal in *Wolfe*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/6/2016