**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RANDY TAFT, | : | No. 169 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, January 29, 2016,
in the Court of Common Pleas of Tioga County
Criminal Division at No. CP-59-CR-0000152-1987

BEFORE:  GANTMAN, P.J., SHOGAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 13, 2017**

Randy Taft appeals from the order entered January 29, 2016, dismissing his serial PCRA[1] petition as untimely filed.  We affirm.

The facts of this case were set forth in a prior memorandum of this court as follows:

> On April 10, 1987, the bodies of Sherry Russell and her infant son, David C. Russell, were found along the driveway outside the family residence. Sherry Russell had been viciously attacked and her injuries included contusions, cuts, puncture wounds, slashes and lacerations.  Her skull had been fractured and she had multiple stab wounds to vital parts of her body.  David C. Russell suffered from a blunt impact to his head and his death was caused by drowning.  On April 15, 1987, appellant was arrested and charged with two counts of homicide for the deaths.  Appellant was arraigned and pled not guilty on May 18, 1987.  Motions for suppression of

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

> evidence were filed and a suppression hearing was held on October 1, 1987. The motion was denied by opinion and order of January 14, 1988.
>
> Appellant entered a plea of ***nolo contendere*** to the two counts of homicide on April 18, 1988. After a lengthy colloquy by the court and a written colloquy signed by the appellant, the court accepted the plea. The court then conducted a degree of guilt hearing and found the appellant guilty of murder in the first degree with respect to Sherry Russell and murder in the third degree with respect to David C. Russell. Appellant was sentenced to consecutive terms of life imprisonment for murder in the first degree and ten to twenty years for murder in the third degree.

***Commonwealth v. Taft***, No. 641 Harrisburg 1992, unpublished memorandum at 1-2 (Pa.Super. filed Sept. 1, 1993).

Appellant has filed numerous PCRA petitions, all of which were dismissed. Appellant filed the current petition on January 26, 2015, alleging previously unknown exculpatory facts in the form of a November 26, 2014 letter from the United States Department of Justice ("DOJ") concerning improper practices by certain FBI laboratory examiners, including FBI Examiner Michael Malone who performed laboratory work in appellant's case. The November 26, 2014 letter informed appellant that Mr. Malone's work and testimony has been criticized by some courts and independent scientists hired by the FBI to review his work.

In a second letter to Tioga County District Attorney Krista Deats, dated June 25, 2015, the DOJ advised that it had reviewed laboratory reports and testimony by FBI laboratory examiners in cases involving microscopic hair

comparison analysis. The DOJ determined that a report regarding microscopic hair comparison analysis containing erroneous statements was used in appellant's case. The DOJ found that the microscopic hair laboratory comparison analysis report presented in this case included statements that "exceeded the limits of science," including that Mr. Malone stated or implied that the evidentiary hair could be associated with a specific individual to the exclusion of all others or provided a likelihood that the questioned hair originated from a particular source. In his September 4, 1987 report, Mr. Malone examined a pubic hair from the crime scene and determined that, "This hair exhibits the same individual microscopic characteristics as the pubic hairs of [appellant] and, accordingly, is consistent with having originated from [appellant]." (Amended petition for post-conviction relief, 8/24/15, Exhibit F at 7; docket #16.)

Following receipt of the June 25, 2015 letter, appellant filed an amended PCRA petition on August 24, 2015. Appellant's petition was dismissed on January 29, 2016, following Pa.R.Crim.P. 907 notice. Apparently, appellant was not provided with a copy of the order, and no appeal was filed; however, on January 6, 2017, appellant's right to appeal the January 29 order was reinstated *nunc pro tunc*, and this appeal followed. Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); however, on May 12, 2017, the PCRA court filed a supplemental opinion.

Appellant has raised the following issues for this court's review:

    I.    Was [appellant]'s PCRA petition timely under 42 Pa.C.S.A. § 9545(b)(1)(ii), when the claims in his petition were based on new facts contained in two letters from the United States [DOJ] that were unknown to him and could not have been ascertained by the exercise of due diligence, and his petition was filed within sixty (60) days of the date the claim could have been presented?

    II.    Did [appellant]'s PCRA petition establish a strong prima facie showing to demonstrate that a miscarriage of justice may have occurred, so that he is entitled to relief through a second or subsequent PCRA?

Appellant's brief at 2.

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.

**Commonwealth v. Johnson**, 945 A.2d 185, 188 (Pa.Super. 2008),

**appeal denied**, 956 A.2d 433 (Pa. 2008), quoting **Commonwealth v.**

**Taylor**, 933 A.2d 1035, 1040 (Pa.Super. 2007) (citations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent

amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa.Super. 2003); ***Commonwealth v. Vega***, 754 A.2d 714, 717 (Pa.Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

**Id.** at 1079-1080.

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Bennett**, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa.Super. 2001). A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. **Commonwealth v. Breakiron**, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); **Commonwealth v. Yarris**, 557 Pa. 12, 29, 731 A.2d 581, 590 (1999). This rule is strictly enforced. **See Vega**, **supra** at 718.

**Id.** at 1080.

There are three exceptions under which a facially untimely PCRA petition may still be considered. Appellant attempts to invoke the previously unknown facts exception to the time restrictions of the PCRA, enumerated in Subsection 9545(b)(1)(ii). Once a timeliness exception is met:

> [t]o obtain relief based upon newly-discovered [facts] under the PCRA, a petitioner must establish

> that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa. 2004), citing *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 94 (Pa. 1998) (additional citation omitted).[2]

Appellant argues that the information relating to Mr. Malone was not available earlier. (Appellant's brief at 8.) However, appellant knew at least as early as 1999 that practices at the FBI crime laboratory had been called into question, including hair and fiber analysis. The November 26, 2014 DOJ letter referenced a July 2014 Office of Inspector General ("OIG") report entitled "An Assessment of the 1996 [DOJ] Task Force Review of the FBI Laboratory," which was an exhaustive review of FBI laboratory practices. The 1996 task force released an April 1997 OIG report entitled "The FBI Laboratory: An Investigation into Laboratory Practices and Alleged

---

[2] We recognize that appellant pled **nolo contendere** rather than choosing to go to trial. Ordinarily, a plea of guilty or **nolo contendere** waives all defects and defenses except lack of jurisdiction, legality of the sentence, and the validity of the plea. *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa.Super. 2008) (citation omitted). "A plea of **nolo contendere** should be treated the same as a guilty plea in terms of its effect upon a particular case." *Commonwealth v. Thomas*, 506 A.2d 420, 422 (Pa.Super. 1986) (citations omitted). However, in *Commonwealth v. Peoples*, 319 A.2d 679 (Pa. 1974), the Pennsylvania Supreme Court held that a newly-discovered facts claim is available to a defendant who pleads guilty or **nolo contendere**.

Misconduct in Explosives-Related and Other Cases." This April 1997 OIG report was forwarded to appellant and his counsel by the Tioga County district attorney's office on May 12, 1998. (Commonwealth's brief at 4.) In that letter, appellant was informed that an FBI examiner who performed analysis in his case was named in the report. The July 2014 OIG review found further issues and inconsistencies with the FBI laboratory, including the work of Mr. Malone.

Furthermore, on December 27, 1999, the district attorney's office forwarded to appellant an independent case review by Dr. Cathryn L. Levine of the hair and fiber evidence examined by Mr. Malone in appellant's case. So, appellant was put on notice in 1999 at the latest that there were systemic problems at the FBI laboratory, including with Mr. Malone who examined the hair and fiber evidence in appellant's case. In fact, the November 26, 2014 DOJ letter referenced both the 1997 OIG report and the 1999 independent case review:

> We have confirmed that you or your counsel previously received notice of the 1997 OIG Report from the prosecutor's office responsible for the prosecution at issue, or that you or your counsel otherwise became aware of the criticisms. We have also confirmed that an Independent Scientific Review was conducted in your case and the results were provided to you or your counsel.

PCRA petition, 1/26/15, Exhibit A; docket #8. Yet, appellant waited 15 years before raising this issue. Thus, appellant cannot establish the new-facts exception to the PCRA timeliness requirements.

Moreover, appellant pled ***nolo contendere*** and there was no trial. Mr. Malone never testified, and his 1987 report was never introduced into evidence. Appellant complains that Mr. Malone's expert report was a significant factor in his decision to take a plea. (Appellant's brief at 9.) However, in reality, the evidence of appellant's guilt was overwhelming, and appellant conceded as much at the plea hearing. (Commonwealth's brief at 7-8; notes of testimony, 4/18/88 at 13-14.) There was other physical evidence placing appellant at the crime scene, recent injuries to appellant's face, as well as circumstantial evidence including appellant's false statements concerning his whereabouts at the time of the victims' murders. (***Id.***) Therefore, we agree with the PCRA court that the inadmissibility of Mr. Malone's report would not have compelled a different verdict. (PCRA court opinion, 5/12/17 at 2-3.) It is unlikely that appellant's decision to plead ***nolo contendere*** hinged on Mr. Malone's expert report.

For these reasons, the PCRA court did not err in dismissing appellant's serial PCRA petition without a hearing as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2017