## Commonwealth *v.* Warner, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

32

*Clayton R. Wilcox,* Assistant Public Defender, for appellant.

*Morrison B. Williams,* First Assistant District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., April 3, 1974:

On April 16, 1973, appellant entered a plea of nolo contendere to the charges of resisting arrest, assault and battery, burglary, larceny and receiving stolen goods. These charges arose out of one incident which occurred February 3, 1973. At the time the plea was entered, the trial judge questioned the defendant thoroughly as to his understanding of his legal rights, the charges against him, and the plea he was entering. On April 17, 1973, the defendant was sentenced to undergo imprisonment for a period of time not less than five (5) years nor more than ten (10) years, sentence to begin upon the expiration of another sentence which defendant was currently serving. Subsequently defendant was granted a post-conviction hearing, but was denied relief. This appeal is from that denial of relief.

A plea of nolo contendere when accepted properly by a court, is, in its effect upon a case, equivalent to a plea of guilty. *Commonwealth v. Boyd,* 221 Pa. Superior Ct. 371, 374, 292 A. 2d 434, 436 (1972); *Commonwealth v. Smith,* 151 Pa. Superior Ct. 113, 30 A. 2d 339 (1942). "To be constitutionally valid, a plea of

guilty must have been voluntarily, knowingly and intelligently made by [a] defendant, i.e., with an understanding of the nature of the charges against him, his right to a jury trial and an awareness of the consequences of his plea." *Commonwealth v. Enty*, 442 Pa. 39, 40, 271 A. 2d 926, 927 (1971), U. S. cert. den. 402 U.S. 913, 28 L. Ed. 2d 656, 91 S. Ct. 1396. Appellant in his appeal to this court alleges: that before pleading he was led to a distinct impression as to the sentence to be imposed; that at the time of pleading he suffered from severe emotional and mental distress; that he labored under the lack of counsel from his appointed attorney; and that, consequently, his plea of nolo contendere was not voluntarily, knowingly and intelligently made. This court cannot agree.

The Pennsylvania Supreme Court has stated that "the fact that a plea of guilty is entered in hope and desire of evading a harsher sentence does not establish per se that the plea was not a free and rational choice." *Commonwealth v. White*, 446 Pa. 378, 382, 288 A. 2d 759, 761 (1972). In the case before us, appellant was asked by the lower court at the time he entered his plea whether any promises had been made to him or any deals arranged on his behalf, and appellant replied to both of these questions in the negative. The lower court also advised appellant that if any such arrangements had been made, the court would not be bound by them. It appears from the record then, that appellant had been made well aware of his legal position at the time he entered his plea. Looking at the record of the PCHA hearing, we see that appellant testified that "[t]here was no deal whatsoever made" (Post Conviction Hearing Transcript, page 3) but that there was only "an implication and inference" which appellant drew after one or more conversations with a County detective. It seems clear to this Court that appellant's mere hope or belief that he would receive

a lighter sentence, when that hope or belief had no basis in actual promises or representations made to him, was insufficient to make his plea of nolo contendere unknowing, unintelligent, or involuntary.

Appellant argues that one of the factors which caused him to enter his nolo contendere plea was the brief opportunity that he had to converse with his defense counsel. The Pennsylvania Supreme Court has indicated that mere shortness of time for counsel to prepare for trial does not of itself establish that the assistance of counsel was ineffective. *Commonwealth v. Hill,* 450 Pa. 477, 301 A. 2d 587 (1973); *Commonwealth v. Woody,* 440 Pa. 569, 271 A. 2d 477 (1970); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967). This Court feels that the fact that a defendant has less time to converse with his appointed attorney than he might desire, is also of itself insufficient to invalidate a plea of nolo contendere. Appellant has alleged no specific prejudice suffered by himself as a result of his not having unlimited access to his attorney. On the contrary, the record indicates that appellant declined to fully inform his counsel of the circumstances behind his plea when he did have the opportunity to do so. Appellant will therefore not be heard to say now that his guilty plea resulted—if only partly—from lack of effective counsel.

In further support of his argument that his plea was not knowing, intelligent and voluntary, appellant states that he was under emotional strain resulting from the physical injury he received at the time of the commission of the crime. There was no indication given by defendant at the time he entered his plea that he considered himself unfit, either physically or mentally, to plead to the charges. Appellant's counsel and the court had an opportunity to observe appellant, and apparently neither felt that there was any reason to discontinue the proceeding. If appellant felt at any time

that he was unfit to continue, he had the duty to speak up and make his condition known. Appellant cannot raise at this time the argument that he was physically or mentally unfit to plead to the charges, since the opportunity for the court to ascertain the validity of such a contention has long passed. Nor will this court say that counsel for appellant was remiss in not questioning a psychiatric examination of appellant, since there is no indication (except for appellant's own contention) that such an examination was appropriate.

As for appellant's argument that his plea was not knowing, intelligent and voluntary because of an alleged illegal hospital room view, we agree with the Post Conviction Hearing court that even if such a view did occur—and there is testimony that it did *not*—the view would be relevant only to an issue not raised in this appeal, i.e., identification.

In summary, this court cannot find that appellant's plea of nolo contendere to the charges of resisting arrest, assault and battery, burglary, larceny and receiving stolen goods, was other than voluntary, knowing and intelligent. Even if we consider—as appellant would have us do—the cumulative effects of the various "pressures and inducements" upon appellant, we can find no merit in his appeal. Accordingly, the order will be affirmed.