506 A.2d 420

**COMMONWEALTH of Pennsylvania**

v.

**William C. THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 24, 1985.

Filed March 10, 1986.

424

Francis M. Socha, Harrisburg, for appellant.

John H. Reed, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before ROWLEY, OLSZEWSKI and MONTEMURO, JJ.

MONTEMURO, Judge:

Before us is an appeal from the judgment of sentence of the Court of Common Pleas of Dauphin County entered against appellant following his entry of a plea of *nolo contendere* to two counts of perjury.

On June 20, 1983, and July 19, 1983, appellant appeared as a witness before a multi-county investigating grand jury, convened for the stated purpose of investigating widespread drug trafficking. The Honorable John C. Dowling of the Court of Common Pleas of Dauphin County was the designated supervising judge of the grand jury and the grand jury was impaneled in the Dauphin County Courthouse. *See* 42 Pa.C.S. § 4544. When questioned before the grand jury, appellant denied that he had any knowledge of any individuals involved in drug trafficking and further denied that he personally was involved in such activity.

On the basis of appellant's sworn representations, the grand jury subsequently issued a presentment recommending in part that appellant be prosecuted for his failure to testify truthfully. Thereafter, on August 25, 1983, a criminal complaint was filed in the Court of Common Pleas of Dauphin County charging appellant with perjury, false swearing, and obstructing the administration of justice.

On November 16, 1983, appellant, represented by the public defender, filed an omnibus pre-trial motion seeking dismissal of the charges. Appellant's motion challenged the bases for convening, and the authority of, the grand jury and alleged the denial of legal counsel for the purpose of appellant's grand jury testimony. On January 5, 1984, appellant filed a motion for a change of venue and for the

appointment of a private investigator. Following a hearing on January 16, 1984, the court below denied appellant's motions in so far as they sought dismissal of the charges or a change of venue, yet the court granted appellant's request for an investigator.

On May 15, 1984, appellant appeared before the Honorable William W. Lipsitt and entered a plea of *nolo contendere* to two counts of perjury. The remaining charges were dismissed and appellant was sentenced to two concurrent one to two year terms of imprisonment. It should be noted that appellant's plea was specifically conditioned upon a reservation of the right to subsequently raise on appeal the arguments presented in his pre-trial motions and denied by the court below.

Appellant filed a *pro se* motion for modification/reconsideration of sentence, which was denied by an order of the court below dated June 4, 1984. This appeal followed.[1]

Represented by new counsel for the purpose of appeal, appellant frames the following issues for our consideration:

    I. Was the multi-county investigating grand jury improperly exercising its authority when it issued the presentment against appellant?

    II. Did the court below err in failing to dismiss the informations against appellant due to the lack of legal representation during appellant's testimony before the investigating grand jury?

    III. Did the court below err in denying appellant's pre-trial motion for a specific change of venue?

    IV. Did appellant's trial counsel provide ineffective assistance by allowing appellant to enter a *nolo contendere* plea?

*See* Appellant's brief at 7.

In light of the circumstances before us, we are compelled to consider to what extent, if any, appellant's entry of a

1. On February 5, 1985, this court dismissed appellant's appeal for failure to file briefs. However, appellant subsequently filed a motion to vacate the order of dismissal and to reinstate the appeal, which we granted on April 10, 1985.

plea of *nolo contendere* limits appellate review of his three substantive claims.

■ A plea of *nolo contendere* should be treated the same as a guilty plea in terms of its effect upon a particular case. *See Commonwealth v. Hayes,* 245 Pa.Super. 521, 369 A.2d 750 (1976); *Commonwealth v. Warner,* 228 Pa.Super. 31, 324 A.2d 362 (1974). As recently reiterated by this court in *Commonwealth v. Khorey,* 347 Pa.Super. 171, 500 A.2d 462 (1985) (*en banc*):

> 'A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses.... When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea.' *Commonwealth v. Montgomery,* 485 Pa. 110, 114, 401 A.2d 318, 319 (1979). *See also: Commonwealth v. Moyer,* 497 Pa. 643, 444 A.2d 101 (1982); *Commonwealth v. Greer,* 457 Pa. 646, 326 A.2d 338 (1974); *Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974); *Commonwealth v. McNeill,* 453 Pa. 102, 305 A.2d 51 (1973).

*Id.,* 347 Pa.Superior Ct. at 175, 500 A.2d at 463. Non-waivable jurisdictional defects as encompassed by the above axiom include only those which undermine a court's subject-matter jurisdiction. *See Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974). In his concurring opinion in *Khorey, supra,* former President Judge Spaeth aptly stated:

> For a trial court to have subject matter jurisdiction to entertain a plea, not only must the crime have been committed within the county in which the court sits, but the defendant must be properly before the court, having been confronted by the Commonwealth 'with a formal and specific accusation of the crimes charged.'

*Khorey, supra,* 347 Pa.Super. at 178, 500 A.2d at 465, *quoting, Little, supra,* 455 Pa. at 168, 314 A.2d at 273.

■ Of the three substantive challenges asserted by appellant, two are *clearly* not directed at the subject-matter jurisdiction of the court below, *viz,* appellant's claimed lack

of legal representation while appearing before the grand jury and the refusal of the court below to transfer venue. Therefore, we are of the opinion that these two issues have been waived by appellant's entry of a plea of *nolo contendere*.

■ This conclusion remains unaltered by the fact that appellant entered a "conditional plea" in an effort to preserve these issues for appeal. While we are aware of the recent recognition which conditional pleas have received in the federal court system, *see* Fed.R.Crim.P. 11(a)(2); *United States v. Moskow*, 588 F.2d 882 (3d Cir.1978); *United States v. Zudick*, 523 F.2d 848 (3d Cir.1975), we expressly decline, at this juncture, to so drastically modify our well-established waiver rule with regard to guilty pleas. Our research has failed to uncover any appellate decision in this Commonwealth wherein the court expressly approved the utilization of conditional pleas.[2] Furthermore, we have not been presented herein with any argument with respect to the relative benefits and detriments of employing such pleas. Accordingly, we consider ourselves bound by the entrenched precedent of this court and of our supreme court to the effect that a guilty plea, or a plea of *nolo contendere* as in the case *sub judice*, waives for the purpose of appellate review all nonjurisdictional defects.

■ Appellant's remaining substantive claim is that the multicounty investigating grand jury did not possess the authority necessary for issuing the presentment against appellant. While *arguably* this claim addresses itself to the subject-matter jurisdiction of the court below and might therefore be viewed as surviving the entry of appellant's plea, because we are of the opinion that appellant lacks any standing to challenge the competency of the grand jury, we

**2.** We note that in *Commonwealth v. Wagner*, 221 Pa.Super. 50, 289 A.2d 210 (1972), this court addressed a speedy trial issue on appeal following the entry of a guilty plea. However, a consideration of the opinion in *Wagner* reveals that we simply opted, without discussion, to disregard the case's procedural irregularity. The opinion in *Wagner* provides no guidance with regard to the accepted propriety of conditional pleas.

decline to consider whether in fact appellant's challenge is waived.

In *Commonwealth v. Broughton,* 257 Pa.Super. 369, 390 A.2d 1282 (1978), an appeal was taken from a perjury conviction that resulted from defendant's failure to testify truthfully before a grand jury. Defendant therein argued on appeal "that his perjury conviction ... should be reversed because of irregularities in the convening of the grand jury." *Id.*, 257 Pa.Superior Ct. at 389, 390 A.2d at 1292. Former President Judge, then Judge, Spaeth, writing for a three judge majority, concluded, "We do not need to consider this argument, however, for we hold that appellant is barred from challenging the legality of the grand jury at this time." *Id.*

In reaching its holding, this court, in *Broughton, supra,* relied upon a previous similar ruling in *Commonwealth v. Schindler,* 170 Pa.Super. 337, 86 A.2d 151 (1952) (which also involved "a conviction of perjury based on false testimony before the grand jury", *Broughton, supra,* 257 Pa.Super. at 391, 390 A.2d at 1293) and distinguished *Commonwealth v. McCloskey,* 443 Pa. 117, 277 A.2d 764, *cert. denied,* 404 U.S. 1000, 92 S.Ct. 560, 30 L.Ed.2d 552 (1971), as inapposite.

Consistent with this court's rationale in *Schindler, supra,* and in turn in *Broughton, supra,* we note that appellant has not raised any challenge to our supreme court's jurisdiction to order an investigation by a multi-county grand jury or any challenge to a multi-county grand jury's general jurisdiction to investigate drug trafficking. In the absence of these jurisdictional defects, appellant here, as in *Broughton, supra,* is barred from challenging the legality or authority of the grand jury as a defense to perjury.

Accordingly, we need not be detained by a consideration of the impact of appellant's plea upon his right to now challenge the authority of the grand jury or by a review of the merits of that substantive claim.

■ Finally, appellant argues that trial counsel provided ineffective assistance by allowing appellant to enter a *nolo*

*contendere* plea. The bulk of appellant's argument in this regard is devoted to the contention that, because the Commonwealth's evidence was insufficient to convict appellant beyond a reasonable doubt, trial counsel should not have allowed appellant to enter his plea. However, appellant also contends that, "[I]f This Honorable Court concludes that the entry of the *nolo contendere* plea precluded Appellant from appealing the denial of his pre-trial motions, trial counsel would be additionally ineffective for allowing the Appellant to be denied appellate review of the trial court's denial of his pre-trial motions." Appellant's brief at 19. Because we agree with respect to the latter claim of ineffectiveness,[3] we need not address the former.

Mindful of the pertinent component standards for reviewing a claim of ineffectiveness, *see Commonwealth v. Pierce,* 345 Pa.Super. 324, 498 A.2d 423 (1985), we find that appellant should be entitled to withdraw his plea of *nolo contendere.* Trial counsel clearly misperceived the law of the Commonwealth in recommending a plea premised upon the faulty presumption that appellant's nonjurisdictional pre-trial challenges could survive the entry of that plea. The acceptance of appellant's plea by the court below did not cure the effect of this misperception. There can be no doubt as to the arguable merit of appellant's claim and we are unable to discern any reasonable basis for counsel to have advised appellant as he did with respect to appellant's pre-trial claims. Furthermore, a review of the plea colloquy demonstrates that appellant relied upon counsel's representations in entering his plea, *see* N.T., May 15, 1984, at 5, 7, 9, to his obvious detriment. We find that trial counsel's ineffectiveness induced an involuntary plea.

**3.** We note that we have considered this latter claim as, in essence, alleging that the ineffectiveness of trial counsel induced appellant to enter an involuntary plea. In that appellant, represented by new counsel on appeal, has couched his claim of involuntariness in a challenge to previous counsel's ineffectiveness, appellant's claim is properly before this court despite the absence of a motion to withdraw his plea below. *See Commonwealth v. Casner,* 315 Pa.Super. 12, 461 A.2d 324 (1983).

Accordingly, we vacate the judgment of sentence, reverse and remand this case for the withdrawal of appellant's plea entered on May 15, 1984. This case should proceed in the court below consistent with this opinion.

Vacated, reversed and remanded. Jurisdiction relinquished.