J. S38005/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL HERDER, | : | No. 3235 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 5, 2015,
in the Court of Common Pleas of Bucks County
Criminal Division at Nos. CP-09-CR-0003425-2014,
CP-09-CR-0005123-2014, CP-09-CR-0005283-2015

BEFORE: FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 05, 2016**

Michael Herder appeals, ***pro se***, from the judgment of sentence of

October 5, 2015, following his conviction of two counts of theft by unlawful

taking and one count each of receiving stolen property, possession of drug

paraphernalia, and harassment. We quash.

On October 5, 2015, appellant entered negotiated pleas of

***nolo contendere*** to the above charges.[1] Additional charges were

***nolle prossed***. The trial court accepted the pleas, following a thorough and

probing plea colloquy, and imposed the agreed-upon aggregate sentence of

time served to 12 months' imprisonment, with immediate parole. On

---

[1] Appellant waived his right to counsel following a full waiver-of-counsel colloquy. The trial court did appoint stand-by counsel in the event appellant proceeded to trial.

October 13, 2015, appellant filed a notice of appeal. Appellant was ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and complied on November 24, 2015. On December 14, 2015, the trial court issued a Rule 1925(a) opinion, finding all issues waived for failure to file a specific statement: "What Appellant provides is a laundry list of boilerplate catchphrase arguments, which provide no detail as to any potential issues with respect to the proceeding that resulted in his *nolo contendere* pleas." (Trial court opinion, 12/14/15 at 9.)

On February 8, 2016, the Commonwealth filed a motion to quash the instant appeal, arguing that appellant's brief fails to substantially conform to the Rules of Appellate Procedure. The Commonwealth pointed out, *inter alia*, that appellant's brief is not divided into separate sections as required by the rules, and does not contain a statement of jurisdiction, statement of the scope and standard of review, statement of questions involved, or statement of the case. Moreover, appellant fails to develop any legal argument with citations to relevant legal authority and appropriate references to the record. Appellant's brief is three pages long and consists of bald allegations, *e.g.*, that police falsified reports, the Commonwealth failed to meet its burden of proof, the preliminary hearing did not take place within the time prescribed by the rules, the affidavit of probable cause was unsigned, and "newly discovered evidence." None of these claims are

supported by analysis or citation to relevant legal authority. Furthermore, they are all waived since appellant entered pleas of **nolo contendere**.[2]

In his answer to the motion to quash, appellant complained that he is incompetent and attended special education classes. However, apparently the trial court deemed him competent enough to waive counsel and enter a valid plea. There is no indication that appellant raised the issue of his alleged lack of competence in the trial court.

The motion to quash was denied on February 29, 2016, without prejudice to the Commonwealth's right to again raise the issues presented by the motion before the merits panel. In its brief on appeal, the Commonwealth again argues that the appeal should be quashed for appellant's total failure to comply with the appellate rules, including his failure to provide any argument whatsoever regarding his claims. (Commonwealth's brief at 9-11.)

Even with the most generous allowances for **pro se** drafting, we are compelled to quash the appeal. **See Commonwealth v. Drew**, 510 A.2d 1244, 1245-1246 (Pa.Super. 1986) (quashing the appeal where the total inadequacy of the appellant's brief prevented us from ascertaining whether

---

[2] "A plea of **nolo contendere** should be treated the same as a guilty plea in terms of its effect upon a particular case." **Commonwealth v. Thomas**, 506 A.2d 420, 422 (Pa.Super. 1986) (citations omitted). "A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." **Commonwealth v. Montgomery**, 401 A.2d 318, 319 (Pa. 1979) (citations omitted).

there was any possible merit to his appeal; noting that, "we have not hesitated to quash appeals for substantial noncompliance with these requirements") (collecting cases); ***Commonwealth v. Jones***, 477 A.2d 882 (Pa.Super. 1984) (appeal of order denying PCRA relief properly quashed where brief ignored and seriously undermined the Rules of Appellate Procedure); ***see generally*** Pa.R.A.P. 2101 (briefs shall conform with the requirements set forth in the Rules of Appellate Procedure, or appeal may be quashed). While we recognize that appellant is a ***pro se*** litigant, it does not excuse his failure to comply with the Rules. ***See***, ***e.g.***, ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993).[3]

Appeal quashed. Motion to quash denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2016

---

[3] Furthermore, we agree with the trial court that appellant's Rule 1925(b) statement was fatally defective, and we could affirm on that basis as well.