J-S92023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAROLD ALLEN JONES, III | |
| Appellant | No. 695 WDA 2016 |

Appeal from the Judgment of Sentence April 11, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001582-2014

BEFORE:  SHOGAN, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED NOVEMBER 07, 2017**

Harold Allen Jones, III appeals from the April 11, 2016 judgment of sentence entered in the Fayette County Court of Common Pleas.  We affirm.

On January 9, 2014, a criminal complaint was filed against Jones.  On February 23, 2016, Jones filed a motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600.  On April 6, 2016, following a March 31, 2016 hearing, the trial court denied the motion.  Also on April 6, 2016, Jones entered a *nolo contendere* plea at docket number CP-26-CR-0001582-2014[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] At the plea hearing, Jones also pled *nolo contendere* to simple assault, 18 Pa.C.S. § 2701(a)(1), and harassment, 18 Pa.C.S. § 2709(a)(1), at docket number CP-26-0000976-2015.  In this appeal, Jones does not challenge the judgment of sentence entered at that docket.

to possession of a controlled substance with intent to deliver ("PWID"), possession of a controlled substance, and possession of drug paraphernalia.[2] On April 11, 2016, the trial court sentenced Jones to 12 to 24 months' imprisonment for the PWID conviction, with no further penalty for the convictions for possession of a controlled substance and possession of drug paraphernalia.

On May 11, 2016, Jones filed a timely *pro se* notice of appeal. This Court remanded for the trial court to conduct a **Grazier**[3] hearing to determine whether Jones wished to proceed *pro se*. Following this hearing, the trial court appointed counsel, counsel filed a statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), the trial court issued a Rule 1925(a) opinion, and counsel filed an appellate brief.

On appeal, Jones raises the following issue: "Did the court err when it failed to dismiss the criminal charges in this case when the Commonwealth violated [Jones'] righ[t] to a speedy trial pursuant to Pa. Rule of Criminal Procedure 600?" Jones' Br. at 10.

"A plea of *nolo contendere* should be treated the same as a guilty plea in terms of its effect upon a particular case." **Commonwealth v. Thomas**,

---

[2] 35 P.S. § 780-113(a)(30), (16), and (32), respectively.

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

506 A.2d 420, 422 (Pa.Super. 1986). "A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) (quoting *Commonwealth v. Montgomery*, 401 A.2d 318, 319 (Pa. 1979)). Therefore, a defendant who pleads *nolo contendere* may not raise a Rule 600[4] challenge unless he can show the Rule 600

_____

[4] Rule 600(A) provides:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600(A). Further, this Court has stated:

Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*(Footnote Continued Next Page)*

violation affected the voluntariness of the plea itself. ***Commonwealth v. Gibson***, 561 A.2d 1240, 1242 (Pa.Super. 1989).

In the written plea colloquy signed by Jones, he acknowledged that he had a right to a speedy trial and that the Commonwealth must bring the case to trial within 365 days of filing the charge against him. Guilty Plea Petition, 4/6/16. He further acknowledged that, by entering a *nolo contendere* plea, he was waiving his right to a speedy trial. ***Id.***; ***see*** N.T., 4/6/16, at 5-6. At the plea hearing, Jones stated "yes" when asked whether he reviewed the form and "no" when asked whether he had any questions about the form. N.T., 4/6/16, at 5-6. Jones contends the trial court erred in denying the Rule 600 motion and that his speedy trial rights were violated; he does not contend that the denial of the Rule 600 motion affected the voluntariness of his plea. We conclude that Jones has waived his challenge to the trial court's denial of his Rule 600 motion.[5]

Judgment of sentence affirmed.

*(Footnote Continued)* _____

***Commonwealth v. Aaron***, 804 A.2d 39, 42 (Pa.Super. 2002) (*en banc*) (internal citations omitted).

[5] Further, even if Jones had not waived his Rule 600 claim, we would conclude it lacks merit. Our standard of review for Rule 600 claims is an abuse of discretion. ***Commonwealth v. Thompson***, 93 A.3d 478, 486 (Pa.Super. 2014). Jones maintains his Rule 600 rights were violated because the Commonwealth did not exercise due diligence in retrieving him from federal custody. For the reasons outlined in the well-reasoned opinion of the Honorable Gerald R. Solomon, we would conclude that the trial court did not abuse its discretion in denying the Rule 600 motion. ***See*** Opinion, 6/1/17, at 4-7.

Judge Shogan joins the memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2017