J-S30035-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANGEL LOUIS SANTIAGO, | : | |
| | : | |
| Appellant | : | No. 1731 WDA 2017 |

Appeal from the Judgment of Sentence September 28, 2017
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000094-2017

BEFORE:    BENDER, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JUNE 06, 2018**

Angel Louis Santiago (Appellant) appeals from his September 28, 2017 aggregate judgment of sentence of eight and one-half to twenty-nine years of imprisonment entered after he pled no contest to involuntary deviate sexual intercourse with a person less than 16 years of age (IDSI), statutory sexual assault, and unlawful contact with a minor.  Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

We glean the following facts from the record.  Appellant, then 27 years of age, had an ongoing sexual relationship with his girlfriend's daughter, A.S., then 13 years of age, in the residence he shared with A.S.'s mother.  N.T., 6/19/2017, at 5-6; N.T., 9/28/2017, at 26.  Further, Appellant exchanged

_____
*Retired Senior Judge assigned to the Superior Court.

sexually explicit text messages with A.S. N.T., 9/28/2017, at 18, 24-25. Appellant had been a presence in A.S.'s life since she was a very young child and she had referred to him as "dad." N.T., 9/28/2017, at 19, 21, 24, 26.

Appellant entered his no contest plea to the aforementioned charges on June 19, 2017. He was sentenced on September 28, 2017 to five and one-half to twelve years of incarceration for IDSI, two to twelve years of incarceration for statutory sexual assault, and one to five years of incarceration for unlawful contact with a minor. All sentences were in the standard range and were to be served consecutively, resulting in the aggregate sentence of eight and one-half to twenty-nine years.

Appellant timely filed a post-sentence motion seeking a sentence reduction and timely filed a notice of appeal following the denial of that motion. The trial court ordered the filing of a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel complied by filing a statement of intent to file an ***Anders*** brief pursuant to Pa.R.A.P. 1925(c)(4).

In this Court, counsel has filed both an ***Anders*** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review.

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Further, our Supreme Court has specified the following

requirements for the *Anders* brief:

[I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. Super. 2009).

Based upon our examination of counsel's petition to withdraw and

*Anders* brief, we conclude that counsel has substantially complied with the

- 3 -

technical requirements set forth above.[1]  Thus, we now have the responsibility

"'to make a full examination of the proceedings and make an independent

judgment to decide whether the appeal is in fact wholly frivolous.'"

***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015)

(quoting ***Santiago***, 978 A.2d at 354 n.5).

In his ***Anders*** brief, counsel presents the following as an issue which

arguably supports an appeal:  "Whether [Appellant's] sentence is manifestly

excessive, clearly unreasonable[,] and inconsistent with the objectives of the

[s]entencing [c]ode[.]"  ***Anders*** Brief at 3.

We consider this issue mindful of the following.

Sentencing is a matter vested in the sound discretion of the
sentencing judge, and a sentence will not be disturbed on appeal
absent a manifest abuse of discretion.  In this context, an abuse
of discretion is not shown merely by an error in judgment.  Rather,
the appellant must establish, by reference to the record, that the
sentencing court ignored or misapplied the law, exercised its
judgment for reasons of partiality, prejudice, bias or ill will, or
arrived at a manifestly unreasonable decision.

* * *

When imposing sentence, a court is required to consider the
particular circumstances of the offense and the character of the
defendant.  In considering these factors, the court should refer to
the defendant's prior criminal record, age, personal
characteristics[,] and potential for rehabilitation.

---

[1] Appellant has not filed a response to counsel's petition to withdraw.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant filed a notice of appeal after preserving the issue by filing a motion to modify sentence, and the ***Anders*** brief contains a statement pursuant to Pa.R.A.P. 2119(f). We thus consider whether Appellant has raised a substantial question.

Appellant contends that his sentence is manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the sentencing code in light of the mitigating factors present: his youth, his lack of prior criminal record, his acknowledgement of responsibility, his record of employment, and his family support. ***Anders*** Brief at 7-8. This amounts to a claim that the

- 5 -

sentencing court failed to give as much weight as Appellant would have wished to mitigating factors. Such a claim does not present a substantial question for our review.[2] ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) ("[A] claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." (citation and quotation marks omitted)).

Thus, we agree with counsel that Appellant's issue regarding the length of his sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous."[3] ***Flowers***, 113 A.3d at 1248. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[2] ***Compare Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (holding a sentencing court's failure to consider altogether the mitigating factors presents a substantial question). Even if this claim presented a substantial question, Appellant would not be entitled to relief because the sentencing court here had the benefit of a presentence investigation report and thus is presumed to have considered all relevant information. N.T., 9/28/2017, at 27; ***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004). Furthermore, the sentencing court stated on the record that it considered the evidence Appellant offered at the sentencing hearing, including his acceptance of responsibility. N.T., 9/28/2017, at 28-29.

[3] We reviewed the record mindful of the fact that by entering a no contest plea, Appellant waived all claims and defenses other than the jurisdiction of the court, the validity of the plea, the legality of his sentence, and the discretionary aspects of his sentence not set by plea agreement. ***Commonwealth v. Thomas***, 506 A.2d 420, 422 (Pa. Super. 1986); ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014); ***Commonwealth v. Titus***, 816 A.2d 251, 254 n.3 (Pa. Super. 2003).

Judgment of sentence affirmed.  Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date:  6/6/2018