J-S25029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHAZ JORDAN | : | |
| | : | |
| Appellant | : | No. 1575 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000374-2016

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED DECEMBER 21, 2021**

Chaz Jordan appeals from the judgment of sentence following his *nolo contendere* plea to Involuntary Deviate Sexual Intercourse with a Person Under 16 Years of Age (IDSI), Trafficking in Minors, and Involuntary Servitude.[1] Jordan argues that the court erred in admitting evidence of his prior bad acts under Pa.R.E. 404(b). We affirm.

The trial court set forth the facts and procedural history of the case as follows:

CP-51-CR-0009807-2011

[Jordan] pled guilty to charges of simple assault, terroristic threats, and unlawful restrain before the Honorable Alice Beck Dubow on April 26, 2013. These charges stemmed from the assault of a domestic partner. The victim in [the]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 3011(b), 3012(a), respectively.

case tried to end her relationship with [Jordan]. In response, [Jordan] pulled the victim's hair, strangled her, and threw her out of a car. [Jordan] told the victim "Bitch, I'll kill you and no one will even know." Judge Dubow sentenced [Jordan] to an aggregate term of eleven and one half to twenty-three months, followed by five years of probation. Subsequently, jurisdiction over [Jordan]'s probation was transferred to this court upon Judge Dubow's transfer to the Civil Trial Division.

CP-51-CR-0000374-2016

[Jordan] entered into a sexual relationship with the victim in 2014, when ~~se~~she was fifteen years old. [Jordan] began trafficking the victim for sex work via website advertisements, escalating the forced sex work to seven nights per week and up to ten encounters per night. [Jordan] used sexual assault and threats of physical force to control the victim. [Jordan] forced the victim to become pregnant and threatened to kill her if she ended the pregnancy. [Jordan] was arrested on October 16, 2015, following a joint investigation between the [Federal Bureau of Investigation ("FBI")] Child Exploitation Task Force and Philadelphia Police.

On June 7, 2018, [Jordan] entered into a no contest plea before this court for a consolidation with his pending probation violation under Pa.R.Crim.P. 701. Sentencing was deferred pending a pre-sentence investigation. On August 24, 2018, this court sentenced [Jordan] to an aggregate sentence of thirty to sixty years of incarceration followed by ten years of probation.[FN1] No post-sentence motions were filed . . .

> [FN1] [Jordan] was sentenced to ten to twenty years of incarceration on Trafficking in Minors, ten to twenty years of incarceration on Involuntary Servitude, seven and one-half to fifteen years of incarceration on Involuntary Deviate Sexual Intercourse, consecutive to each other. [Jordan] was sentenced on the remaining felonies to a consecutive period of ten years of probation. [Jordan] was sentenced on the probation violation to

- 2 -

> two and one-half to five years of
> incarceration, consecutive to the sentence
> on the new conviction.

Trial Court Opinion, filed November 20, 2020, at 1-2.

Jordan filed a notice of ~~appeal~~appeal, but this Court dismissed his appeal on February 22, 2019, due to his failure to file a brief. Following a successful petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, the trial court reinstated his direct appeal rights *nunc pro tunc*. Jordan timely appealed.

On appeal, Jordan raises a single issue for our review: "Did the trial court err in finding that [Jordan's] alleged prior bad acts were admissible under the Pennsylvania Rule of Evidence 404(b), did this finding deprive Appellant of the opportunity to have a fair trial, and did the court err in considering these prior acts at the time of sentencing?"

Jordan argues that the admission of four statements from women whom he had sex-trafficked should not have been admitted because they were not relevant. Jordan's Br. at 6. He contends that the statements showed only that he had committed the crime of promoting prostitution, and that they were unsworn out-of-court statements that were not reliable. *Id.* He claims the statements did not show involuntary servitude. *Id.* at 7.

A plea of *nolo contendere* has the same effect as a guilty plea and results in the waiver of non-jurisdictional defects and defenses and the challenge of any issue beyond the legality of the sentence and validity of the plea. ***Commonwealth v. Thomas***, 427, 506 A.2d 420, 422 (Pa.Super. 1986).

Jordan's issues are waived for purposes of appeal, and even if he had not waived them, they are meritless.

We review the admission of evidence for an abuse of discretion. ***Commonwealth v. Elliott***, 80 A.3d 415, 446 (Pa. 2013). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Commonwealth v. Santos***, 176 A.3d 877, 882 (Pa.Super. 2017) (quoting ***Commonwealth v. Antidormi***, 84 A.3d 736, 749-50 (Pa.Super. 2014)). Rule 404(b) of the Pennsylvania Rules of Evidence bars admission evidence of prior bad acts to establish a person's character and to prove that the person acted on a particular occasion in conformity with that character. Pa.R.E. 404(b)(1). However, evidence of prior bad acts is permissible for some other, proper purpose, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2).

To establish a common plan, scheme, or design, the proponent of the evidence need only show "that there are shared similarities in details of each crime." ***Commonwealth v. Newman***, 598 A.2d 275, 278 (Pa. 1991); ***see also Commonwealth v. Aikens***, 990 A.2d 1181, 1185-86 (Pa.Super. 2010) (fact pattern of prior assault was markedly similar such that evidence was admissible under common-scheme-design-or-plan exception and probative value of evidence outweighed its prejudicial impact). These similarities may

- 4 -

include the perpetrator's actions, location of the crimes, and commonality in the relationship between the accused and his victims. *See id.* In a criminal case, "this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2).

In the instant case, the statements from Jordan's other victims were obtained pursuant to an FBI investigation. At the hearing on the motion *in limine*, Jordan did not challenge their reliability. N.T., 4/5/18, at 9. The trial court granted the motion in limine because the evidence in question was admissible to show a common plan, scheme, or design. *See* N.T., 4/5/18, at 18. The court observed that "it's the same pattern, the same ways they hooked up, and the same conduct on the defendant's behalf." *Id.* at 17-18. Jordan met each young female victim on an online dating site, used verbal and physical abuse to force her into prostitution, each woman used the same language to describe Jordan's business practices, set the cost for each encounter and kept anywhere between half to 100% of the profits. All of the victims were trafficked during the same time period, between October 2014 and March 2015. Finally, the court noted that the probative value outweighed the prejudicial impact of the evidence. *Id.* at 17. Thus, the evidence showed shared similarities in the details of each crime, including the actions, location of the crimes, and commonality in the relationship between the accused and his victims, and the court did not abuse its discretion in admitting it. *Elliott*, 80 A.3d 415, 446; *Newman*, 598 A.2d at 278; *. Aikens*, 990 A.2d at 1185-86.

Jordan's argument that the statements had a chilling effect on his decision to testify at trial is likewise inapposite. Jordan's Br. at 8. He cites *Commonwealth v. Aguado*, 760 A.2d 1181 (Pa.Super. 2000) to argue that he felt no choice but to plead to the crimes charged. Jordan's Br. at 8. In *Aguado*, this Court held that the possibility of the admission of prior bad acts if the defendant testified deprived him of a fair trial. *Id.* 1186-87. However, unlike *Aguado*, the trial court made a definitive ruling that the evidence was admissible prior to trial to establish a common scheme or plan. N.T., 4/5/18, at 18. Accordingly, the analysis in *Aguado* was not applicable. *See*, *e.g.*, *Commonwealth v. Kinard*, 95 A.3d 279, 285-86 (Pa.Super. 2014) (analysis not applicable where trial court made definitive ruling that evidence was admissible to prove common plan, scheme, or design).

Finally, Jordan argues the trial court should not have considered the prior bad acts evidence at sentencing because the statements themselves were never entered into evidence at sentencing but, rather, were condensed by the Commonwealth. Jordan's Br. at 9. However, because Jordan did not object at sentencing, he has waived this argument for purposes of appeal. *See Commonwealth v. Moury*, 992 A.2d 162, 172 (Pa.Super. 2010) (defendant's failure to object at sentencing resulted in issue's waiver for appellate purposes); Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, Jordan is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2021