J-S20017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY NEAL | : | |
| | : | |
| Appellant | : | No. 923 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 4, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0000564-2021

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 21, 2023**

Jeffrey Neal appeals from the 2-to-4-year sentence imposed following his pleas of *nolo contendere* to three violations of the Uniform Firearms Act.[1] He challenges the denial of his motion to suppress evidence.  We affirm.

On December 4, 2020, police charged Neal with the above crimes after recovering a gun during a traffic stop.  Neal moved to suppress the gun.  The suppression court heard and denied Neal's motion on May 21, 2021.  Neal moved to reconsider, which the court denied on December 9, 2021.

Neal pled *nolo contendere* to all three offenses on December 16, 2021. He initialed and signed a "nolo contendere plea colloquy" form providing: "If I have already had a hearing on pre-trial motions, when I plead nolo contendere

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105, 6106, and 6108.

I give up my right to appeal the decisions on those motions." Nolo Contendere Plea Colloquy, 12/16/21, at 5. The certified record on appeal does not reflect that Neal sought to preserve this appellate right when he pled *nolo contendere*.

On March 7, 2022, Neal was sentenced to 2 to 4 years of imprisonment followed by 3 years of probation. Neal timely filed a notice of appeal. Neal and the suppression court complied with Pennsylvania Rule of Appellate Procedure 1925.

Neal presents one issue for review: "Did the trial court err by denying the Motion to Suppress where the police detained and frisked Neal without reasonable suspicion?" Neal's Brief at 4. He contends that the presence of marijuana and "blading" of his body were insufficient to justify the search of his person and seizure of the gun. *Id.* at 9–15.

We do not reach the merits of Neal's suppression challenge. "A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." **Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007) (quoting **Commonwealth v. Montgomery**, 401 A.2d 318, 319 (Pa. 1971)). The same applies for a plea of *nolo contendere*. **Commonwealth v. Thomas**, 506 A.2d 420, 422 (Pa. Super. 1986) (citations omitted).

Here, Neal waived his right to appeal the denial of his suppression motion by pleading *nolo contendere*. **Jones**, **supra**; **see** Colloquy, 12/16/21,

at 5. The certified record does not reflect that Neal reserved his right to appeal his suppression issue in a "conditional plea agreement." ***Cf. Commonwealth v. Singleton***, 169 A.3d 79, 81–82 (Pa. Super. 2017) (recognizing the validity of such agreements). Rather, Neal entered an open plea of *nolo contendere*, indicating that there was no plea bargain or agreement of any kind and that he was giving up his right to appeal the result of his pre-trial motion. Colloquy, 12/16/21, at 3, 5. As such, this Court will not reach the merits of Neal's suppression motion and will affirm his judgment of sentence.[2]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2023

---

[2] Even if Neal had preserved his suppression issue, we would affirm for the reasons given by the Honorable Shanese Johnson. ***See*** Suppression Court Opinion, 6/24/22 (following ***Commonwealth v. Simmons***, 17 A.3d 399 (Pa. Super. 2011), to conclude that Neal's "blading" motion during a valid traffic stop provided reasonable suspicion to detain and frisk him).