J-S26034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WENEDVY PERCY | : | |
| | : | |
| Appellant | : | No. 1609 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 2, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004147-2021

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:　　　**FILED: SEPTEMBER 9, 2024**

Wenedvy Percy appeals from the judgment of sentence imposed after he pled *nolo contendere* to sexual assault pursuant to a negotiated plea.[1]  He challenges the discretionary aspects of his sentence.  Additionally, Percy's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

On October 30, 2021, Percy, who was then 42, forced a 17-year-old, intellectually disabled female from a playground in the City of Reading into a nearby garage.  Percy proceeded to sexually assault her by putting his penis in her vagina without her consent.  Percy was arrested and charged with multiple offenses.

---

[1] 18 Pa.C.S.A. § 3124.1.

On June 16, 2023, Percy entered a negotiated plea of *nolo contendere* to sexual assault. In exchange for his plea, the Commonwealth agreed to a sentence of 4 to 8 years' incarceration and the remaining counts were dismissed. Sentencing was deferred pending a sexually violent predator ("SVP") assessment.

On October 2, 2023, the trial court found that Percy was not an SVP. The court then sentenced Percy to 4 to 8 years' incarceration in accordance with the plea agreement. Percy filed a post-sentence motion seeking modification of his sentence, which the trial court denied.

Percy filed this timely appeal. He and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Percy did not file a counseled or *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the

brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, i.e., the contents of an ***Anders*** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an ***Anders*** brief and a petition for leave to withdraw. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Finally, the record included a copy of the letter that counsel sent to Percy of counsel's intention to seek permission to withdraw and advising Percy of his right to proceed *pro*

*se* or retain new counsel and file additional claims.[2]  Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will review the issue raised by counsel to determine whether Percy's appeal is wholly frivolous.

In the **Anders** brief, counsel indicates that Percy wishes to challenge the discretionary aspects of his sentence.  Specifically, Percy claims that his sentence was inconsistent with the protection of the public, the gravity of the offense, the impact on the victim, and his rehabilitative needs.  According to Percy, the trial court should have sentenced him at the bottom of the standard range to 3 to 6 years' incarceration instead of 4 to 8 years' incarceration.[3] **Anders** Brief at 12, 21, 27.

At the outset, we conclude that we do not need to consider the substance of Percy's issue.  Because Percy entered a negotiated plea, he is prohibited from challenging the discretionary aspects of his sentence.

A plea of *nolo contendere* is treated the same as a guilty plea in terms of its effect upon a particular case.  **Commonwealth v. Thomas**, 506 A.2d 420, 422 (Pa. Super. 1986).  A plea of *nolo contendere*, like a guilty plea, acts

---

[2] Although the petition and brief do not contain certificates of service demonstrating service on Percy, counsel indicates in the petition that copies of the petition, **Anders** brief, and letter were sent to Percy.  Additionally, the letter references the petition and brief as having been enclosed.

[3] A standard range minimum sentence under the guidelines in this matter is 36 months to 54 months, plus or minus 12 months.  N.T., 10/2/23, at 5.

as a waiver of all non-jurisdictional defects and defenses and only allows challenges to the legality of sentence, validity of the plea, and subject-matter jurisdiction of the court. ***Id.***

> It is well settled that when the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining and would make a sham of the negotiated plea process.

***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (quoting ***Commonwealth v. Reichle***, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citation, quotation marks, and footnote omitted).

Here, our review of the record confirms that Percy entered a negotiated *nolo contendere* plea. Percy agreed to plead to sexual assault in exchange for a sentence of 4 to 8 years' incarceration and dismissal of the remaining counts. At the hearing, Percy was colloquied. Notably, Percy specifically indicated that he understood his plea and the length of his sentence. N.T., 6/16/23, at 4. Although some questions arose during the oral colloquy, Percy consulted with his counsel and any uncertainty was resolved. ***See id.*** at 6, 10. The court concluded that Percy's plea was entered knowingly, voluntarily, and intelligently and accepted his plea. ***Id.*** at 8. Additionally, Percy acknowledged that, by entering a plea, his rights were limited. ***Id.*** at 3-4. Percy also

executed a written plea colloquy. *Id.* at 3. At the sentencing hearing, the trial court sentenced Percy in accordance with the parties' agreement. N.T., 10/2/23, at 5, 7.

Percy did not challenge the validity of the plea proceedings or move to withdraw his plea. Percy received the sentence for which he bargained. Therefore, Percy waived any challenge to the discretionary aspects of his sentence and his challenge would not be cognizable on appeal. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa. Super. 2013). Percy, therefore, cannot challenge the discretionary aspects of that sentence*. See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014) ("When a negotiated plea includes sentencing terms[,] the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea."); *see also Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008) ("One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence."); *Reichle*, 589 A.2d at 1141 (dismissing appellant's appeal of discretionary aspects of sentence where she received precisely what she was promised under terms of negotiated plea agreement). Accordingly, Percy is precluded from appealing the discretionary aspects of his sentence.

For the foregoing reasons, we conclude that Percy's claim on appeal is frivolous. Further, in accordance with *Dempster*, we have independently

reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.



Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/9/2024